STATE OF Vermont
Superior Court - Environmental Division

=================================================================================
E N T R Y   R E G A R D I N G   M O T I O N
=================================================================================

Champlain Oil Co., Inc. Conditional Use Permit, Docket No. 200-10-09 Vtec
Project:    Champlain Oil Gas Station/Store/Restaurant
Applicant:  Champlain Oil Company
                    (Appeal from Ferrisburgh ZBA Conditional Use determination)

Title: Motion for Reconsideration or Remand (Filing No. 3)
Filed:   July 30, 2010
Filed By:  Liam L. Murphy, Attorney for Appellant-Applicant Champlain Oil Company
Objection in Response filed on 08/17/10 by James Allan Dumont, Attorney for Cross Appellants
Reply to Objection filed on 09/03/10 by Appellant Champlain Oil Company

 _X_  Granted (in part) and           _X_  Denied (in part)            ___  Other

        The Court conducted a site visit and hearing on the pending motion on September 7, 2010.  After conducting a brief deliberation, the Court returned to the bench to render its determinations on the two issues raised by Applicant Champlain Oil Co., Inc.'s motion.

        First, the Court concluded that it must reconsider an issue not fully resolved by its July 15, 2010 Decision on the parties' cross motions for summary judgment: whether the Town of Ferrisburgh Zoning By-Laws ("Bylaws") specifically prohibit the installation and maintenance of commercial wastewater and stormwater facilities in the Conservation Zoning District.  While Applicant must still show that such facilities, as part of its proposed commercial project, are entitled to conditional use approval (a highly fact-specific exercise), the Court concluded that the Bylaws do not specifically prohibit such facilities on portions of Conservation District lands that adjoin and support a commercial development on lands in the Highway Commercial Zoning District.  To the extent that Cross-Appellants sought a summary ruling that such facilities are not allowed as a matter of law in the Conservation District, we **DENY** that request.

        Second, the Court concluded that any amendment to Champlain Oil's pending application that would include the entire tract of land currently owned by Susan Burdick would be such a significant change in the application, including a possible change in the notice to adjoining property owners, as to prohibit the Court from hearing such an amended application in the first instance on appeal; the Court concluded that such an amended application must be heard in the first instance by the Ferrisburgh ZBA.  See In re Torres, 154 Vt. 233, 236–37 (1990).  Therefore, the Court **REMANDED** the pending application back to the Ferrisburgh ZBA, conditioned upon Champlain Oil amending its application so that new, undersized and non-conforming lots are not created by its proposed development plan.  In the event that such an amended application is considered by the Ferrisburgh ZBA, Champlain Oil shall provide all assistance required under the Bylaws to see that notice is provided to all parties so entitled.


_____          ___September 8, 2010___
        Thomas S. Durkin, Judge                                          Date
=================================================================================

Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:

Liam L. Murphy, Attorney for Appellant Champlain Oil Company

James Allan Dumont, Attorney for Cross Appellants Debbie and Terry Allen, Judy Chaves, Don Dewees, Judy Elson, Todd Hardie, Katie Hill, Rick and Sally Kerschner, Rux Martin, Nick Patch, Karen Petersen, Kurt Plank, Jennifer Ruddy, J. Silas Towler, and the Ferrisburgh Friends of Responsible Growth, Inc.

Attorney James F. Carroll for Appellee Town of Ferrisburgh